United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BESARO MOBILE HOME PARK, LLC,

Plaintiff,

v.

CITY OF FREMONT,

Defendant.

_________________________________/

No. C 05-2886 CW

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant City of Fremont (Fremont) moves pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the complaint of Besaro Mobile Home Park (Besaro). Besaro opposes the motion, and the matter was taken under submission on the papers. Having considered all of the papers filed by the parties, the Court GRANTS without prejudice Fremont's motion to dismiss.

BACKGROUND

Unless otherwise noted, the following facts are drawn from Besaro’s amended complaint and are presumed to be true.

Besaro is the owner of a mobile home park in Fremont. Besaro’s tenants own their own mobile homes, but rent the underlying mobile home spaces. Besaro provides its tenants with access to facilities and amenities, such as a clubhouse, swimming pool, utilities and landscaping. As early as 1999, it has been

United States District Court
For the Northern District of California

common knowledge that mobile homes and mobile home spaces are complementary goods.

In 1992, Fremont adopted a vacancy control ordinance that significantly limited rent increases for mobile home park tenants. See Def.'s Req. for Judicial Not., Ex. C, Fremont, Cal., Ordinance No. 2018 (Nov. 10, 1992).[1] The 1992 Ordinance did not provide for any rent increase upon a vacancy.

In 1999, Fremont retained an economic consultant to study the relationship between increases in mobile home prices and decreases in mobile home space rents. The consultant concluded that in most cases, a $100 decrease in rent would result in a $10,000 increase in the price of a mobile home. (Otherwise, a mobile home is a depreciating asset.)

On July 25, 2000, Fremont, through its City Council, adopted Ordinance No. 2390, which amended Fremont's rent control law. Ordinance No. 2390 provided that mobile park owners such as Besaro could raise rents by no more than fifteen percent following the sale of a mobile home by an outgoing tenant to an incoming tenant at any time between January 1, 2002 and December 31, 2019. However, no restrictions are placed on the sale price of a mobile home from an outgoing tenant to an incoming tenant. Fremont took this action despite knowing that outgoing tenants would be able to sell their mobile homes to incoming tenants at above-market rates,

---

[1]Fremont requests that the Court take judicial notice of the text of Fremont's current rent control law and the relevant Ordinances. Besaro does not oppose the request for judicial notice. Because Fremont's vacancy control laws are integral to the complaint and are not reasonably subject to dispute, the Court grants the request for judicial notice.

thereby capturing a premium as a result of the controlled rent. The 2000 amendment does allow mobile park owners to raise rents to the market level where there has been a lawful eviction, or where a commercial purchaser replaces a mobile home. Prior to the enactment of Ordinance 2390, Fremont had never indicated that it planned to continued to control mobile home park rents through 2019. The 2000 amendment did not alter the stated purpose of Fremont's rent control law, which is to "protect the mobile home owners from unreasonable rent increases and other abusive or disruptive practices by park owners." Def.'s Req. for Judicial Not., Ex. A, Fremont, Cal., Code § 3-13101(h). Nor did it amend any of the City Council's 1992 findings, such as that Fremont has a shortage of developed spaces for mobile homes or that this condition "has contributed or threatens to contribute to" unreasonable rent increases for mobile home spaces. Id. § 3-13101(a, f).

According to Besaro's allegations, the purpose of Ordinance No. 2390 is not to eliminate blight, rejuvenate the economy, create employment or housing opportunities, or otherwise benefit the public. Instead, the Fremont City Council enacted Ordinance No. 2390 "with the intent of obtaining the votes of the residents at the parks." Am. Compl. ¶ 22.

Besaro alleges that it has no administrative remedies available because it has already applied for and received the maximum rent increase permitted under the amended law.

Besaro brings claims against Fremont for: (1) taking of property "without payment of just compensation and/or due process

of law" in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983; (2) taking of property in violation of the California Constitution; and (3) declaratory relief. The parties entered into an agreement which tolled the statute of limitations with respect to these claims for the period of July 24, 2001 through and including July 15, 2005, when Besaro filed this lawsuit.

LEGAL STANDARD

I. Rule 12(b)(1)

Dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

Subject matter jurisdiction is a threshold issue which goes to the power of the court to hear the case. Therefore, a Rule 12(b)(1) challenge should be decided before other grounds for dismissal, because they will become moot if dismissal is granted. Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir.), cert. denied, 423 U.S. 874 (1975).

United States District Court
For the Northern District of California

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980). Absent an independent basis, the agreement of the parties does not confer subject matter jurisdiction. Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994).

II. Rule 12(b)(6)

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

United States District Court
For the Northern District of California

DISCUSSION

I. Ripeness

Fremont moves to dismiss the complaint under Rule 12(b)(1) on the ground that the Court lacks jurisdiction because the FAC makes a federal claim for unlawful taking without compensation, and this is not ripe because Besaro has not yet sought a remedy in State court.

In order to determine whether a claim under the Takings Clause is ripe for adjudication in federal court, the Court performs a two-step inquiry: "The plaintiff must have obtained a final decision from the governmental authority charged with implementing the regulations and must have pursued compensation through state remedies unless doing so would be futile." Hacienda Valley Mobile Estates v. City of Morgan Hill, 353 F.3 651, 655 (9th Cir. 2003) (citing Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 186 (1985)). The Supreme Court has explained the second prong as follows,

> The Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation. Nor does the Fifth Amendment require that just compensation be paid in advance of, or contemporaneously with, the taking; all that is required is that a reasonable, certain and adequate provision for obtaining compensation exist at the time of the taking. If the government has provided an adequate process for obtaining compensation, and if resort to that process yield[s] just compensation, then the property owner has no claim against the Government for a taking. Thus, . . . if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation.

Williamson, 473 U.S. at 194-95 (internal citations and quotation marks omitted). Therefore, a plaintiff "cannot bring a section

1983 action in federal court until the state denies just compensation." Levald, Inc., v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993). In Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura, 371 F.3d 1046, 1053 (9th Cir. 2004), the Ninth Circuit affirmed a dismissal for lack jurisdiction where a takings claim was not ripe because the plaintiff had not filed suit for damages in State court, among other potential remedies.

An exception to the ripeness requirement exists for Takings Clause claims which challenge a regulation on its face, rather than as applied. A facial challenge to an alleged regulatory taking "does not depend on the extent to which petitioners are deprived of the economic use of their particular pieces of property or the extent to which these particular petitioners are compensated." Yee v. City of Escondido, 503 U.S. 519, 534 (1992). Therefore, the ripeness requirement that the plaintiff first seek compensation does not apply. Id.; Ventura Mobilehomes, 371 F.3d at 1054.

Besaro's primary argument is that its federal claim is a ripe facial challenge because it is based on the regulation's failure to promote a legitimate State interest rather than its failure to provide park owners with just compensation. Besaro's argument is inconsistent with the allegations in the FAC, which repeatedly refer to Besaro's "right to be justly compensated." E.g., FAC ¶ 40. If Ordinance No. 2390 was, as Besaro now argues, a purely private taking with no legitimate public justification, then whether Besaro was justly compensated would be irrelevant to the issue of constitutionality. In the interests of judicial

efficiency, however, the Court will assume that Besaro intended to bring only a facial challenge to the Ordinance, and will not require Besaro to amend its pleadings to clarify that issue.[2] (For the reasons set forth in Section II, however, any facial challenge is barred by the statute of limitations.)

Besaro also suggests that even if the Williamson ripeness test is applicable, its federal claim meets the second prong of the test because it has already applied for and received the largest rent increase allowable under the 2000 amendment. See Pl.'s Opp. to Mot. to Dismiss at n.5 (citing Austin v. City and County of Honolulu, 840 F.2d 678, 680 (9th Cir. 1988)). However, Besaro has not challenged Ordinance No. 2390 in State court and does not show that such a challenge would be futile. Cf. Hacienda Valley Mobile

---

[2]The bases for Besaro's federal claim are written in the alternative: "the taking of Plaintiff's property without a valid public purpose and/or without the payment of just compensation and/or without due process of law." FAC ¶ 35. The federal claim does not specifically refer to the "Takings" or "Just Compensation" Clause. Besaro apparently intends also to state a claim for deprivation of substantive due process, as an alternative to a claim for unconstitutional taking without just compensation. However, Besaro fails to respond to Fremont's argument (see Mot. to Dismiss at 7 n.3) that a generalized substantive due process claim is not cognizable. Because the Takings Clause of the Fifth Amendment provides an explicit textual provision under which the constitutionality of Fremont's rent control ordinance can be analyzed, Besaro's challenge must be brought under the Takings Clause and not under the more general guarantee of substantive due process. See Armendariz v. Penman, 75 F.3d 1311, 1325-26 (9th Cir. 1996) ("Substantive due process analysis has no place in contexts already addressed by explicit textual provisions of constitutional protection"); Macri v. King County, 126 F.3d 1125, 1128-29 (9th Cir. 1997) (applying Armendariz to bar substantive due process claim where Takings Clause provides explicit constitutional protection); Besaro Mobile Home Park v. City of Fremont, 1997 WL 818584, *4-5 (N.D. Cal. Dec. 19, 1997) (dismissing on this ground Besaro's substantive due process claim in related case), aff'd, 166 F.3d 342 (9th Cir. 1998).

United States District Court
For the Northern District of California

Estates, 353 F.3d at 658-61 (finding that challenge to rent control ordinance in California State courts would not be futile).

Therefore, to the extent Besaro is seeking to bring an as-applied challenge to the Ordinance, that claim is dismissed without prejudice to refiling once it is ripe for review.  Any federal substantive due process claim is dismissed with leave to file a Second Amended Complaint (SAC) if Besaro can allege, truthfully and without contradicting the FAC, a claim that cannot be analyzed under the Takings Clause or other explicit constitutional provision.

II.  Statute of Limitations

Fremont moves to dismiss the complaint on the grounds that the first claim is barred by the applicable statute of limitations.

In most cases, a Takings Clause cause of action accrues when the plaintiff is denied just compensation.  Levald, 998 F.2d at 687.  Where, however, a plaintiff brings a facial challenge under the Takings Clause, "the cause of action accrues and the limitations period begins to run upon the enactment of the statute."  Id.

The parties dispute the relevant date of enactment for purposes of the statute of limitations.  Fremont argues that Besaro's facial takings claim accrued in 1992, when the city reinstated a full vacancy control ordinance.  Besaro argues that its claim accrued in 2000, when the ordinance was amended to provide for limited rent increases upon vacancies and to exempt from regulation purchases of mobile homes from commercial sellers or after eviction.

Besaro's theory is flawed because the 2000 Ordinance differs from the 1992 Ordinance only in that it provides mobile home park owners with opportunities for larger rent increases and for raising rents in a greater number of circumstances. In De Anza Props. X, Ltd., v. County of Santa Cruz, 936 F.2d 1084, 1086-87 (9th Cir. 1991), the court rejected a similar argument regarding the date of accrual of the limitations period where a second enactment, which extended vacancy controls already in place, did not substantively change its impact upon mobile home park owners.

Besaro nevertheless claims that a new cause of action accrued with the passage of the 2000 Ordinance because at that time (in contrast to 1992) there allegedly were no excessive rents in Fremont. However, this argument is inconsistent with Besaro's purported facial challenge to the ordinance. Indeed, if Besaro's argument were adopted and taken to its logical conclusion, any time a rent control ordinance succeeded in its purpose (here, by eliminating excessive rents), a new facial takings cause of action for landowners would accrue. In Hacienda Valley Mobile Estates, 353 F.3d at 656, the Ninth Circuit explained that a mobile park owner could bring a challenge to the premiums created by a rent control ordinance either as a facial challenge "by attacking only the laws" or as an as-applied challenge based on outside economic factors. Here, the portions of the ordinance which allegedly result in a taking from Besaro were not new in 2000; according to Besaro, at that time Fremont should have eliminated, rather than merely amended, its rent control ordinance. Besaro's current pleading of changed economic circumstances necessarily transforms

United States District Court
For the Northern District of California

its attack on vacancy control from a facial to an as-applied challenge. As described above in Section I above, Besaro cannot bring an as-applied challenge to Fremont's rent control laws until it has first sought remedies in State court.

Besaro also broadly asserts that any statute of limitations argument must fail because "no amount of time can save an ordinance that is otherwise unconstitutional." Pl.'s Opp. to Mot. to Dismiss at 11 (citing Palazzolo v. Rhode Island, 533 U.S. 606 (2001)). In Palazzolo, the Supreme Court addressed the issue of notice for an owner who purchased property that was potentially subject to a unripened Takings Clause claim. Besaro offers no justification for reading Palazzolo to abrogate those cases in which a statute of limitations is applied to bar a Takings Clause claim which accrued upon enactment of a statute or ordinance. See, e.g., De Anza, 936 F.2d at 1085 (holding that facial challenge that accrued when ordinance was enacted was time-barred). Nor does Besaro argue that the limitations period should run from any date other than enactment.

For these reasons, to the extent that Besaro does seek to bring a facial challenge to Fremont's vacancy control ordinance, the Court finds that the cause of action accrued when a vacancy control ordinance was passed in 1992, and therefore statute of limitations now bars the action. Besaro is granted leave to file a SAC if it can allege, truthfully and without contradicting the original complaint, a facial challenge under the Takings Clause that accrued as a result of the 2000 enactment of Ordinance No. 2390.

III. Valid Public Purpose

Even if Besaro's claim were ripe, or were not subject to the Williamson ripeness inquiry, and was not time-barred, it would still be dismissed for failure to state a claim.

The Takings Clause pertains to property taken by government "for public use." However, "the Constitution forbids even a compensated taking of property when executed for no reason other than to confer a private benefit on a particular private party." Hawaii Housing Authority v. Midkiff, 467 U.S. 229, 245 (1984). According to Besaro's opposition, the premise of its Takings Clause challenge is that Ordinance No. 2390 was not enacted for any public purpose, but to win the votes of those who owned a mobile home at the time of its enactment. Besaro acknowledges that rent control ordinances may be adopted for permissible public purposes. As Besaro notes, one permissible purpose may be to "restore free market conditions" to a monopolistic or oligopolistic housing market. Oceanside Mobilehome Park Owners' Ass'n v. City of Oceanside, 157 Cal. App. 3d 887, 905 (1984). However, courts have recognized other potentially legitimate purposes of mobile home rent control: "to alleviate hardship created by rapidly escalating rents; to protect owners' investments in their mobile homes; to equalize the bargaining power of park owners and tenants; and to protect tenants from unconscionable and coercive changes in rental rates." Levald, 998 F.2d at 690 (citing Pennell v. City of San Jose, 485 U.S. 1, 13-14 (1988)). The Supreme Court has recently clarified that courts need not determine, for Takings Clause claims, whether a regulation "substantially advances" its stated

United States District Court
For the Northern District of California

purpose, explaining that courts are not required to scrutinize the efficacy of regulations. Lingle v. Chevron U.S.A., Inc., 544 U.S. 528, 544 (2005).

Besaro makes two allegations to support its claim that Ordinance No. 2390 lacks any public purpose. First, Besaro alleges that at the time of enactment, there were no excessive rents charged in mobile home parks in Fremont. Second, Besaro alleges that Ordinance No. 2390 creates an irrational “two-tiered system” whereby outgoing residents are able to sell mobile homes at above-market rates to incoming residents who then enjoy below-market rent on their park space, but incoming purchasers pay market rents where there has been a lawful eviction or where a commercial purchaser replaces a mobile home.

These allegations are insufficient to state a claim that the 2000 amendment lacked a public purpose. Because Fremont already had a rent control ordinance in effect in 2000, the fact that there were no excessive rents charged in Fremont mobile parks at that time, if proved, could just as easily show that Fremont’s ordinance was fulfilling its public purpose to prevent excessive rents. The fact that outgoing mobile home owners receive a windfall does not necessarily mean that Fremont’s Ordinance No. 2390 does not have a public purpose. See Ventura Mobilehome, 371 F.3d at 1055 (finding mobile home rent control ordinance was rationally related to a legitimate State interest despite allegation that it conferred a premium on renters by artificially inflating the value of mobile homes). Similarly, the fact, if proved, that purchasers of new mobile homes or mobile homes vacated due to eviction do not receive

United States District Court
For the Northern District of California

the same benefit from the ordinance as do re-sale purchasers goes to the efficicacy rather than the purpose of Fremont's ordinance. It may show that the ordinance's class of beneficiaries is too narrow, but not that the stated purpose of the law is a sham.

The Court is therefore left with Besaro's conclusory assertion that the Fremont City Council adopted Ordinance No. 2390 in order to win the votes of current mobile home residents. Standing alone, this allegation is nonsensical. Among its other new provisions, Ordinance No. 2390 enabled mobile park owners to raise rents upon a vacancy, albeit subject to limitations. If, as Besaro alleges, there is a relationship between mobile home prices and mobile home space rents, then Ordinance No. 2390 would have reduced the likely resale value of mobile homes. Besaro does not allege that Fremont's city council would otherwise have terminated its rent control ordinance; in fact, the 1992 Ordinance specified that it would remain in place until repealed by the city council. Req. for Judicial Not, Ex. C, Ordinance No. 2018 § 13118(a). Moreover, as long as Fremont did have a legitimate public purpose in adopting Ordinance No. 2390, the fact that it may have also had a subjective intent to win the favor of current mobile home residents would not render the law unconstitutional.

For this reason, if Besaro chooses to file a SAC, in order to state a Takings Clause claim based on a lack of public purpose, it must include additional, non-conclusory allegations to support its claim that Fremont lacked any public purpose when it enacted Ordinance No. 2390.

United States District Court
For the Northern District of California

CONCLUSION

For the foregoing reasons, Fremont's motion to dismiss is GRANTED (Docket No. 14). The Court also GRANTS Fremont's request for judicial notice (Docket No. 15). Besaro is granted leave to file a SAC within twenty days of the date of this order, if it can do so truthfully and without contradicting the FAC, in accordance with the instructions above.

IT IS SO ORDERED.

Dated: 7/10/06

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE