IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESARO MOBILE HOME PARK, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF FREMONT,<br><br>    Defendant.<br>_____/ | No. C 05-2886 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT |

Defendant City of Fremont (Fremont) moves pursuant to Rules 12(b)(1) and 12(b)(6) to dismiss the second amended complaint (SAC) of Besaro Mobile Home Park (Besaro). Besaro opposes the motion. The matter is decided on the papers and the hearing set for October 27, 2006 is VACATED. Having considered all of the papers filed by the parties, the Court GRANTS with prejudice Fremont's motion to dismiss.

BACKGROUND

As discussed in the order dismissing the first amended complaint (FAC), Plaintiff Besaro is the owner of a mobile home park in Fremont.[1] Besaro's tenants own their mobile homes but rent the underlying mobile home spaces. This controversy arises out of

---

[1] For a complete overview of the factual basis for this case, see the Court's July 10, 2006 Order.

Ordinance No. 2390, which amended Fremont's rent control law. On December 16, 2005, Plaintiff filed its FAC, alleging claims against Fremont for: (1) taking property "without payment of just compensation and/or due process of law" in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983; (2) taking property in violation of the California Constitution; and (3) declaratory relief.

The Court dismissed the FAC, finding (1) that an as-applied challenge under the Takings Clause was not ripe due to failure to exhaust State remedies; (2) that the federal substantive due process claim was not properly plead because it alleges a claim that can be analyzed under the Takings Clause; (3) that any facial challenge stated a cause of action that accrued when the vacancy control ordinance was originally passed in 1992 and thus was barred by the statute of limitations; and (4) that Besaro's allegations of the lack of a valid purpose to support its Takings Clause claims were conclusory and failed to state a claim.

The Court granted Besaro leave to amend its complaint, instructing (1) that it may file an as-applied challenge to the ordinance once it is exhausted; (2) that it may replead a substantive due process claim if it can allege a claim that cannot be analyzed under the Takings Clause or another explicit constitutional provision; (3) that it may replead its facial challenge if it can allege a Takings Clause claim that accrued as a result of the 2000 enactment of Ordinance No. 2390; and (4) that it may replead the lack of public purpose claim if it could make non-conclusory allegations to support its claim.

2

Besaro filed its SAC on July 19, 2006, alleging the same three claims. However, Besaro amended its § 1983 claim to clarify that it did not "allege a taking under the just compensation clause of the Fifth Amendment." SAC ¶ 41. Rather, Besaro claims that Ordinance No. 2390 (1) constitutes a "taking of [its] property without a valid public purpose and/or without due process of law;" (2) constitutes a taking in violation of the California Constitution; and (3) is "invalid and unenforceable, both on its face and as applied [because it] violate[s] rights guaranteed to Plaintiff under the federal and/or state constitutions . . . including the right to rents that reflect 'general market conditions.'" SAC ¶¶ 41, 60.

Fremont again moves to dismiss the complaint pursuant to Rule 12(b)(1), arguing that if Besaro is alleging a facial challenge it is time-barred and if it is alleging an as-applied challenge it is unripe, and Rule 12(b)(6), arguing that any claim, even if properly before the Court, fails to state claim.

## LEGAL STANDARD

As stated in the Court's order granting the original motion to dismiss, dismissal is appropriate under Rule 12(b)(1) when the district court lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988), cert. denied, 488 U.S. 1006 (1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege an actual lack of

3

jurisdiction which exists despite the formal sufficiency of the complaint. Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).

Under Rule 12(b)(6), a motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

                              DISCUSSION

I.   Due Process Claim

In addition to claims under the Takings Clause, Besaro continues to allege claims based on substantive due process. However, the Court in dismissing the FAC granted leave to amend the substantive due process claim only if Besaro could allege a claim that cannot be analyzed under the Takings Clause or another explicit constitutional provision. July 10, 2006 Order at 9. As the Court noted in its earlier order, it is clear that

4

"[s]ubstantive due process analysis has no place in contexts already addressed by explicit textual provisions of constitutional protection."  Armendariz v. Penman, 75 F.3d 1311, 1325-26 (9th Cir. 1996).

Besaro alleges that Fremont's actions are impermissible because they are not based on a valid public purpose and therefore cannot be analyzed under the Takings Clause or remedied by "just compensation."  Opposition at 12.  However, as Fremont notes, a Takings Clause analysis does consider whether a taking is for a valid public purpose, because it only allows just compensation as a remedy for "public use."  Besaro bases its due process and Takings Clause claims on identical facts, further emphasizing the fact that the conduct Besaro challenges is covered by the Takings Clause.  See SAC ¶¶ 40-54.  Although Besaro argues in its opposition that it has a separate right "under the due process clause to raise the rent at each space to reflect 'general market conditions,'" this claim is identical to its claim under the Takings Clause.  The Court finds that Besaro has failed to allege a claim that cannot be analyzed under the Takings Clause.  Therefore, Besaro's claims under the Fourteenth Amendment are dismissed.  Because Besaro has had an opportunity to replead these claims, but has not followed the Court's instruction, the claims are dismissed with prejudice.

II.  Ripeness

Fremont again moves to dismiss the complaint under Rule 12(b)(1) on the ground that the Court lacks jurisdiction because the SAC makes a federal claim for unlawful taking without compensation, and this is not ripe because Besaro has not yet

5

sought a remedy in State court. Besaro counters that it does not intend to make a claim for just compensation; rather, it argues, the ordinance is facially unconstitutional because it lacks a valid public purpose and is unconstitutional as applied because it prevents Besaro from charging "rents that reflect 'general market conditions.'" Opposition at 3. Therefore, Besaro cites <u>Lingle v. Chevron</u>, 544 U.S. 528 (2005), for the proposition that this is an "impermissible taking" and that no amount of compensation could remedy the effect of Fremont's regulation. Opposition at 2.

The Court has acknowledged that facial challenges are not subject to the ripeness requirement. <u>See</u> July 10, 2006 Order at 7. While Besaro continues to state in its SAC that the ordinance is unconstitutional as applied, <u>see</u> SAC at ¶¶ 42, 61, its opposition appears to defend only its facial claims with respect to ripeness. <u>See</u> Opposition at 15 ("Because the City's new ordinance can be challenged on its face, the City's 'ripeness' argument must fail."). As in its order on the motion to dismiss the FAC, the Court assumes that Besaro intended to bring only a facial challenge to the ordinance. Therefore the Court finds that to the extent that Besaro's claims are facial challenges to the ordinance, they are ripe, although, as discussed below, they are barred by the statute of limitations.

III. Statute of Limitations

Fremont also moves again to dismiss the complaint on the grounds that the first claim is barred by the applicable statute of limitations.

As the Court noted in its order dismissing the FAC, when a

plaintiff brings a facial challenge under the Takings Clause, "the cause of action accrues and the limitations period begins to run upon the enactment of the statute." Levald, Inc., v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993). Therefore, the Court found that the cause of action accrued when a vacancy control ordinance was passed in 1992, not, as Besaro argued, when Ordinance No. 2390 was passed in 2000. The Court found that the statute of limitations barred the action, but granted Besaro "leave to file a SAC if it can allege, truthfully and without contradicting the original complaint, a facial challenge under the Takings Clause that accrued as a result of the 2000 enactment of Ordinance No. 2390." July 10, 2006 Order at 11.

Besaro again argues that changed economic circumstances justify the delay in bringing the action, citing the fact that "the circumstances that may have justified the imposition of 'full vacancy control' in 1992 no longer existed in the year 2000." Opposition at 19. However, the Court has already rejected this argument, finding that it transforms the claim into an as-applied challenge that must be dismissed as unripe. See July 10, 2006 Order at 10. Besaro attempts to argue that this claim is not subject to the ripeness requirement because it is based on its assertion that the ordinance lacks a public purpose. However, this circular argument again states Besaro's claim as a facial challenge that is barred by the statute of limitations.

IV. Valid Public Purpose

As it found in its order dismissing the FAC, the Court again finds that even if Besaro's claim were not time-barred, it would be

7

1  dismissed for failure to state a claim.

2  Besaro's only claim not already rejected by the Court is that
3  it has a constitutional right to raise rents to reflect "general
4  market conditions." However, there is nothing to support the
5  existence of such a constitutional right. The State cases that
6  Besaro cites in support of this proposition hold only that a rent
7  control ordinance must contain an adjustment mechanism "to provide
8  for changes in circumstances and also provide for the previously
9  mentioned situations in which the base rent cannot reasonably be
10 deemed to reflect general market conditions." <u>Birkenfield v. City
11 of Berkeley</u>, 17 Cal. 3d 129, 169 (1976). Further, as Fremont
12 notes, such a right would make any rent control ordinance
13 unconstitutional "because they are designed to reduce rents below
14 market when the market allows excessive rents." Reply at 4.

15 The Court finds that Besaro has failed to include in its SAC
16 "additional, non-conclusory allegations to support its claim that
17 Fremont lacked any public purpose when it enacted Ordinance No.
18 2390" as instructed in the order dismissing the FAC. July 10, 2006
19 Order at 14. Therefore, the SAC is dismissed with prejudice.

## CONCLUSION

21 For the foregoing reasons, Fremont's motion to dismiss is
22 GRANTED (Docket No. 33). The complaint is dismissed with prejudice
23 to refiling a facial challenge to the ordinance and without
24 prejudice to refiling an as-applied challenge upon exhaustion of
25 State remedies. The Court also GRANTS Fremont's request for

8

1  judicial notice.  Judgment shall enter accordingly.  Plaintiff
2  shall bear Defendant's costs of the action.
3       IT IS SO ORDERED.

5       10/19/06
6  Dated:_____     
                                         _____
7                                        CLAUDIA WILKEN
                                         UNITED STATES DISTRICT JUDGE

9