IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESARO MOBILE HOME PARK, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF FREMONT,<br><br>            Defendant.<br>_____/ | No. C 05-2886 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL, TO ALTER OR AMEND JUDGMENT AND FOR RELIEF FROM ADVERSE JUDGMENT |

　　　Plaintiff Besaro Mobile Home Park moves pursuant to Rules 59 and 60 for a new trial, to alter or amend the judgment or for relief from an adverse judgment.  Defendant City of Fremont opposes the motion.  The matter is decided on the papers and the hearing set for December 8, 2006 is VACATED.  Having considered all of the papers filed by the parties, the Court DENIES Plaintiff's motion.

                              BACKGROUND

　　　As discussed in the Court's previous orders, Plaintiff Besaro is the owner of a mobile home park in Fremont.  This controversy arises out of Ordinance No. 2390, which amended Fremont's rent

control law. On December 16, 2005, Plaintiff filed its first amended complaint (FAC), alleging claims against Fremont for: (1) taking property "without payment of just compensation and/or due process of law" in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983; (2) taking property in violation of the California Constitution; and (3) declaratory relief.

The Court dismissed the FAC, finding (1) that an as-applied challenge under the Takings Clause was not ripe due to failure to exhaust State remedies; (2) that the federal substantive due process claim was not properly plead because it alleges a claim that can be analyzed under the Takings Clause; (3) that any facial challenge stated a cause of action that accrued when the vacancy control ordinance was originally passed in 1992 and thus was barred by the statute of limitations; and (4) that Besaro's allegations of the lack of a valid purpose to support its Takings Clause claims were conclusory and failed to state a claim.

The Court granted Besaro leave to amend its complaint, instructing (1) that it could file an as-applied challenge to the ordinance once it is exhausted; (2) that it could replead a substantive due process claim if it could allege a claim that could not be analyzed under the Takings Clause or another explicit constitutional provision; (3) that it could replead its facial challenge if it could allege a Takings Clause claim that accrued as a result of the 2000 enactment of Ordinance No. 2390; and (4) that it could replead the lack of public purpose claim if it could make non-conclusory allegations to support its claim.

2

Besaro filed its second amended complaint (SAC) on July 19, 2006, alleging the same three claims. However, Besaro amended its § 1983 claim to clarify that it did not "allege a taking under the just compensation clause of the Fifth Amendment." SAC ¶ 41. Rather, Besaro claimed that Ordinance No. 2390 (1) constitutes a "taking of [its] property without a valid public purpose and/or without due process of law;" (2) constitutes a taking in violation of the California Constitution; and (3) is "invalid and unenforceable, both on its face and as applied [because it] violate[s] rights guaranteed to Plaintiff under the federal and/or state constitutions . . . including the right to rents that reflect 'general market conditions.'" SAC ¶¶ 41, 60.

Fremont again moved to dismiss the complaint pursuant to Rule 12(b)(1), arguing that if Besaro was alleging a facial challenge it was time-barred and if it was alleging an as-applied challenge it was unripe, and Rule 12(b)(6), arguing that any claim, even if properly before the Court, failed to state a claim.

On October 19, 2006, the Court granted with prejudice Fremont's motion to dismiss the SAC. Plaintiff now argues that it is entitled to Relief under Rules 59 and 60 and challenges two of the Court's findings in that order: (1) that a Takings Clause challenge based on the absence of a valid public purpose is a facial challenge and (2) that Plaintiff does not have a constitutional right to raise rents to reflect "general market conditions."

3

LEGAL STANDARD

I.  Rule 59(e)

The Ninth Circuit has instructed that amendment or alteration is appropriate under Federal Rule of Civil Procedure 59(e) "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." <u>Zimmerman v. City of Oakland</u>, 255 F.3d 734, 740 (9th Cir. 2001).

II.  Rule 60

Rule 60(b) enumerates the grounds upon which a motion for relief from an order or judgment may be made. It specifies the following:

> 1) mistake, inadvertence, surprise or excusable neglect;
> 2) newly discovered evidence which by due diligence could not have been discovered before the court's decision;
> 3) fraud by the adverse party;
> 4) the judgment is void;
> 5) the judgment has been satisfied; or
> 6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

Here, Besaro moves for relief from final judgment on the first ground, alleging that its "failure to file a request for judicial notice in response to the statements in the City's reply brief before October 19, 2006 was due to surprise, mistake or excusable neglect" because the Court issued its order before the scheduled hearing date. Plaintiff's Motion at 4.

DISCUSSION

I.  New Trial or Alteration or Amendment of the Judgment

Besaro first argues that it is entitled to a new trial or for

4

alteration or amendment of the judgment based on the Court's misunderstanding of its claims.  Besaro argues that, although it clearly alleges in its complaint that "impermissible conduct under the public purpose clause and/or the due process clause may be challenged either on its face, or as applied," the Court misinterpreted its claim as only a facial challenge.  SAC ¶ 42.

However, the Court acknowledged Besaro's allegation that its public purpose clause challenge could be brought as an as-applied or facial challenge but found that any claim based on the lack of a valid public purpose is a facial challenge.  This decision was based in part on Besaro's inability to support its argument that a public purpose clause challenge is an as-applied challenge.  Moreover, a public purpose clause challenge is by definition a facial challenge.  If, as Plaintiff alleges, the statute lacks a valid public purpose, its enforcement will always be unconstitutional, regardless of how it is applied or how much compensation the government offers.  See Black's Law Dictionary 244 (8th Ed. 2004) (defining "facial challenge" as "A claim that a statute is unconstitutional on its face -- that is, that it always operates unconstitutionally.").

The Court did not misinterpret Besaro's claim.  Rather, as it stated in the order dismissing original complaint, "[i]n the interest of judicial efficiency . . . the Court [assumed] that Besaro intended to bring only a facial challenge to the Ordinance, and [did] not require Besaro to amend its pleadings to clarify that issue."  July 10, 2006 Order Granting Defendant's Motion to Dismiss at 7-8.  Further Besaro's claim that the Court did not rule on its

5

as-applied challenge is incorrect.  As the Court stated in its July 10, 2006 order dismissing the original complaint, "to the extent Besaro is seeking to bring an as-applied challenge to the Ordinance, that claim is dismissed without prejudice to refiling once it is ripe for review."  July 10, 2006 Order at 9.

The Court denies Besaro's motion for a new trial or to alter or amend the judgment pursuant to Rule 59(e).

II.  Relief from the Judgment

Besaro also argues that it is entitled to relief from the judgment under Rule 60, because it intended to file a request for judicial notice including evidence it alleges proves that it has a constitutional right to raise rents to "general market conditions."  Besaro alleges that it failed to do so "due to surprise, mistake or excusable neglect" when the Court decided the motion to dismiss on the papers and filed its order before the scheduled hearing date.

Besaro cites Rule 201's provision that "Judicial notice may be taken at any stage of the proceeding" in support of its argument that it is entitled to relief under Rule 60.  Fed. R. Evid. 201(f). This provision allows the Court to consider a request for judicial notice at any time during a proceeding, but does not excuse Besaro's failure to file its evidence in opposition to Defendant's motion to dismiss.  The Court did not grant Defendant's motion to dismiss until after all of scheduled papers and supporting documents were filed.  Therefore, the Court finds that Besaro is not entitled to relief under Rule 60.

6

CONCLUSION

For the foregoing reasons, Besaro's motion for a new trial, to alter or amend the judgment and for relief from an adverse judgment is DENIED (Docket No. 39). Besaro's request for judicial notice is denied as moot.

IT IS SO ORDERED.

Dated: 12/20/06

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE